Reese, J.
delivered the opinion of the court.
The defendant in error sued the plaintiff in error in an action of assumpsit, and declared upon the following writing, to wit:
“Received of B. J. Bledsoe one hundred dollars, which I promise to buy tobacco with or return to him.
“January 17, 1838. Wm. Ciiouning.”
This writing, the declaration averred, purported that the defendant below was to buy the tobacco for the use and benefit of the plaintiff, or to return the money to him, and the breach assigned was, that the defendant had neither bought tobacco with the sum in question for the use and benefit of the plaintiff, nor had he returned the money to the plaintiff. The defendant craved oyer of the writing and pleaded in bar of the action “that he did well and truly buy tobacco with the said one hundred dollars.” This was the only plea; issue was joined upon it, and a verdict was found for the *87 plaintiff. The defendant moved in arrest of judgment, which motion was overruled by the court, and judgment for the plaintiff; to reverse which the defendant below has prosecuted his writ of error to this court. And here the error insisted on in argument is, that the issue joined between the parties was an immaterial one, and that final judgment should not have been rendered upon the finding of the jury, but that a repleader should have been awarded. It is not necessary to enquire whether, as the plea is in the words of the written undertaking, it is not to be understood as averring the performance of that which the sense and meaning of the undertaking imposed upon the defendant as a duty-Let it be taken, as insisted on by the defendant below, that his plea is bad and the issue immaterial; it is well settled that a repleader is not grantáble in favor of the person who made the first fault in pleading. See Tidd’s Prac. 834: see also Staple vs. Haydon, 2 Salk. 569: 6 Mod. 1: 2 Ld. Ray. 922: 2 Saun. Rep. 319, note 6. In the case of Bennet vs. Holbeck, 2 Saun. 319, where it was ruled that the issue was aided by the finding, it is said “that if the issue had not been so aided the plaintiff would have been entitled to judgment, because his declaration was not answered; for as the plaintiff’s declaration must have all essentials necessary to support the action, so the defendant’s, plea must be issuably good; and if the gist of the plea is bad it cannot be cured by a verdict found for the defendant, but if it be found for the plaintiff, he shall have judgment either for the badness or falsehood pf the plea.” If in this case then the plea wei’e essentially bad, as the party pleading it insists it is, and also found by the jury not to be true, the defendant under such circumstances was not entitled to the award of a repleader in his favor, but the plaintiff was entitled to judgment, which having been rendered in his favor, is now here affirmed,